# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**RICKY GAIL PIERCE, SR.,**                                                                     **PETITIONER**

**V.**                            **NO. 2:04CR0036-GHD**

**UNITED STATES OF AMERICA,**                                     **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is Ricky Pierce's, a *pro se* federal inmate, motion for reconsideration of his sentence. Having reviewed the motion and the Government's response, the court finds that the motion is not well taken and shall be denied.

*A. Background*

On May 25, 2006, Pierce was convicted by a jury of six counts charging him with (1) conspiracy to manufacture methamphetamine, (2) use of a residence for the purpose of manufacturing and using methamphetamine, (3) manufacturing and attempting to manufacture methamphetamine, (4) possession of firearms by a convicted felon, (5) and (6) possessing pseudoephedrine having reasonable cause to believe it would be used to manufacture methamphetamine. After his conviction, a presentence report ("PSR") was completed. The PSR determined that Pierce's criminal history category was I and his total offense level was 32 yielding a sentencing range of 121 to 151 months imprisonment. The court sustained an objection to a six-level enhancement for creating a substantial risk to a minor which then lowered the offense level from a 32 to a 26. Following the offense level reduction, Pierce's revised sentencing range was 63 to 78 months imprisonment. On November 22, 2005, the court sentenced Pierce to 78 months incarceration. On October 31, 2006, Petitioner filed a motion for reconsideration arguing that his sentence should be reduced because of his health and because he has completed a drug treatment program.

## B. Discussion

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *U.S. v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A district court is authorized to modify a previously imposed sentence (1) when the court receives a motion from the director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within seven days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may motion for reduction when a defendant has provided substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582.

None of these circumstances are applicable in this case. Additionally, though there were no arithmetical errors, any technical miscalculation should have been corrected by December 1, 2005. *See United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998). Therefore, Pierce's motion is has no legal basis. Consistent with the foregoing discussion Petitioner's motion for reconsideration shall be denied in all respects.

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of November, 2007.

/s/ Glen H. Davidson  
Senior Judge

2